UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA ADVOCATES FOR NURSING HOME REFORM, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>RON CHAPMAN, et al.,<br><br>Defendants. | Case No. 12-cv-06408-JST<br><br>**ORDER DENYING RULE 60(B) MOTION FOR RELIEF FROM JUDGMENT**<br><br>Re: ECF No. 54 |

Plaintiffs California Advocates for Nursing Home Reform, Inc. and Gail Dawson move the Court for an order: (1) vacating its prior Order of dismissal with prejudice of the First Amended Complaint, and (2) permitting Plaintiffs to file their proposed Second Amended Complaint.[1] Mot., ECF No. 54; Order, ECF No. 53. Plaintiffs also seek, in the alternative, amendment of the court's Order of dismissal such that Plaintiffs' claims against the Country Villa Defendants are remanded to state court rather than dismissed.[2]

As an initial matter, the Court notes that this action was automatically stayed as to Defendants Country Villa East, LP and Country Villa Westwood by virtue of the Chapter 11 bankruptcy petitions they filed, pursuant to 11 U.S.C. § 362. See Not. of Filing of Pet. for Relief Under Chapter 11, ECF No. 59. Defendants Country Villa Service Corp. and Steven Reissman are not subject to the stay.

---

[1] The motion was filed prior to entry of judgment. A Rule 60(b) motion filed before the entry of judgment on a separate document is nevertheless effective. Trinity Carton Co., Inc. v. Falstaff Brewing Corp., 816 F.2d 1066, 1069 (5th Cir. 1987).

[2] Though the motion is styled as one filed pursuant to Federal Rule of Civil Procedure 60(b), Plaintiffs' alternative request for alteration of the Court's Order is more properly characterized as made pursuant to Rule 59(e).

I.   **MOTION FOR RELIEF FROM DISMISSAL**

Plaintiffs seek relief "from the mistake and inadvertence of Plaintiffs' counsel" and the Court's Order dismissing the First Amended Complaint for lack of Article III standing because Plaintiffs' counsel "failed to previously grasp the requirement imposed by law and this court to plead the element of causation with some specificity, in order to show Plaintiffs' standing to bring this action." ECF No. 54 at 2.  Plaintiffs' counsel state that, though they are "experienced litigators, their experience is essentially limited to litigation in California state courts.  According to their attached declarations, neither has ever had to plead causation with specificity in state court matters.  Neither has previously faced a motion to dismiss based on lack of standing.  Accordingly, they were each slow to grasp the necessity of pleading the element of causation in order to respond to defendants' claims that Plaintiffs lacked standing to bring this action." Id. at 4.

In support of their motion, Plaintiffs attach a proposed Second Amended Complaint, which Plaintiffs also seek leave to file.  The proposed Second Amended Complaint modifies a single paragraph of the First Amended Complaint so that it reads as follows:

> As a result of the management agreement's provisions which usurp the power and responsibility of the facility's Administrator, the management company designated in the management agreement acts unencumbered by any federal and state regulatory and state statutory requirements for the operation of the skilled nursing facility, and is free to operate the facility in violation of patient care standards, since those licensing standards apply only to licensed nursing home Administrators.  Accordingly, because the Administrator is powerless to direct the operation of the nursing facility, operational control of which is illegally delegated to the management company, the management company will operate and has operated the facility -- and particularly its patient care operations -- in violation of law.  In addition, because the management agreement sets the management fee as a percentage of the facility's gross revenue, as alleged, hereinafter, management agreements, including those specifically approved by the State defendants, drain enough of the financial resources from the facility's operation -- and particularly its patient care operations -- to preclude legally compliant patient care.  These two factors had led to the licensee's repeated and historical failure to comply with the crucial safeguards expressed in federal and state law establishing care standards. Those are generally expressed at 22 Cal. Code Regs. §§72301, et seq. and 42 C.F.R. 483.1, et seq.  The failure to comply with these standards caused harm, injury and death to the licensee's residents, including members of CANHR and Dawson's aunt Minnie Bell Green.  If the

> facility's Administrator were free to operate the facility within the law establishing patient care standards and had a sum equal to 5% of gross revenue available to pay for additional nursing staff, Plaintiffs relatives and members would more likely than not have escaped all or some of the injuries they experienced while resident/patients at said facilities.

Proposed SAC, ECF No. 54-1 ¶ 15.

Federal Rule of Civil Procedure 60(b) provides in relevant part: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect" or for "any other reason that justifies relief." It has long been held that "[n]either ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)." Engleson v. Burlington N. R. Co., 972 F.2d 1038, 1043 (9th Cir. 1992) (quoting Kagan v. Caterpillar Tractor Co., 795 F.2d 601, 607 (7th Cir. 1986)). Ignorance of the law does not constitute "mistake, inadvertence, surprise, or excusable neglect." Id. Rule 60(b) is not to be used to remedy "[n]eglect or lack of diligence." Lehman v. United States, 154 F.3d 1010, 1017 (9th Cir. 1998). Cf. Briones v. Riviera Hotel & Casino, 116 F.3d 379, 382 (9th Cir. 1997) ("A late filing will ordinarily not be excused by negligence.").

Further, though Rule 60(b)(6) allows a court to relieve a party from a final judgment for "any other reason that justifies relief," motions on those grounds are to be granted "sparingly as an equitable remedy to prevent manifest injustice." United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993). The moving party must show that "circumstances beyond its control prevented timely action to protect its interests." Id. And, of course, relief is only appropriate where the claim or defense presented would be meritorious but for the judgment. Engleson, 972 F. 2d at 1043.

Finally, the court is required to examine four factors in determining whether a litigant has shown excusable neglect: the danger of prejudice to the non-movant, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. Briones, 116 F.3d at 381 (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993)).

Here, the Court concludes that Plaintiffs have failed to show excusable neglect. Their essential argument is that they were unaware of the pleading and standing requirements of federal law. It is well settled that ignorance of the law does not constitute excusable neglect. See Engleson, 972 F.2d at 1043.

Moreover, even if Plaintiffs' counsel had shown excusable neglect, their proposed Second Amended Complaint would not cure the deficiencies that were the basis of the Court's prior orders of dismissal. See ECF Nos. 35, 53. In its prior orders, the Court explained that Plaintiffs lacked standing because they failed to allege a sufficient causal connection between the payment of management fees to third party management companies and any injury suffered by Plaintiff nursing home patients. The Court noted,

> Plaintiffs . . . fail to satisfy the redressability requirement, because the issuance of the injunction Plaintiffs are seeking (to invalidate certain provisions of state law and invalidate certain management agreements) would not address the injuries they are claiming (substandard care). That is because the care provided to the individual plaintiff's decedent and the organizational plaintiff's members depend on the actions of third parties who are not before the court — that is, the persons who provide the day-to-day care.

ECF No. 35 at 10 (footnote omitted).[3] Like the original complaint, the First Amended Complaint also failed to allege "(1) that monies not spent on management agreements by definition would be spent on care, or (2) that if management fees were instead spent on care, the nursing facilities in question would meet 'establish[ed] care standards.'" ECF No. 53 at 12. Accordingly, the Court dismissed Plaintiffs' claim for declaratory relief, which sought a declaration that California statutes permitting the use of third party nursing home management companies were preempted by federal law. The Court found that Plaintiffs' requested declaratory and injunctive relief would not redress their injuries "because it is speculative whether the invalidation of the subject management

---

[3] See also id. ("[b]ecause Plaintiffs do not adequately plead that substandard care at a nursing facility is more likely simply by virtue of that facility's execution of a management services contract, they have not established injury in fact or causation"; "it does not follow necessarily that a nursing home that employs an expensive management company provides substandard care, nor that a nursing home with a less expensive management company provides good care. And so, again, Plaintiffs are not able to show direct injury"; and "[t]he nature and extent of Plaintiffs' factual allegations do not establish that the relief they seek would address the injuries they have identified").

agreements would raise the quality of care in [skilled nursing facilities]." Id. at 12–13.

The proposed Second Amended Complaint does not rectify these deficiencies. The revised Paragraph 15 of the Second Amended Complaint, which is the only substantive change to the complaint, continues to advance the same theory, elaborating only slightly on the argument that delegation will inevitably produce substandard care. As the Court has already held, Plaintiffs must allege facts from which it could reasonably be inferred that there is a "substantial probability" that the quality of care at skilled nursing facilities would have improved had the State refused to approve the management agreements at issue. Warth v. Seldin, 422 U.S. 490, 505–08 (1975). The revised Paragraph 15 does not satisfy that requirement; Plaintiffs' theory of injury, causation, and redressability with respect to the delegation of operational control is purely speculative. See Maya v. Centex Corp., 658 F.3d 1060, 1070 (9th Cir. 2011) (causal links may not be "hypothetical or tenuous"; "[i]n cases where a chain of causation 'involves numerous third parties' whose 'independent decisions' collectively have a 'significant effect' on plaintiffs' injuries, the Supreme Court and this court have found the causal chain too weak to support standing at the pleading stage.") (quoting Nat'l Audubon Soc., Inc. v. Davis, 307 F.3d 835, 849 (9th Cir. 2002)).

In short, even if Plaintiffs had demonstrated excusable neglect, and even though denials based solely on futility are "rare," Hynix Semiconductor Inc. v. Toshiba Corp., Case No. 04-cv-4708-VRW, 2006 WL 3093812, at *2 (N.D. Cal. Oct. 31, 2006), the court would deny their request to again amend their complaint as futile. "A motion for leave to amend may be denied if it appears to be futile or legally insufficient." Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988). Plaintiffs' proposed amendments do nothing to cure the defects twice previously identified.

In sum, Plaintiffs have not established a recognized basis for relief pursuant to Rule 60(b), and even if they had, amendment would not cure deficiencies identified in the Court's prior orders. Granting leave to amend would be futile. Plaintiffs' Rule 60(b) motion is hereby DENIED.

## II.     MOTION FOR REMAND OF STATE LAW CLAIMS

Plaintiffs argue in the alternative that the Court should amend its Order of dismissal to remand the Second and Third Causes of action to state court rather than dismissing the claims with

prejudice. Plaintiffs' first claim for relief, asserted against the State Defendants, seeks declaratory relief. Plaintiffs' second claim for relief, asserted against the Country Villa entities and Reissman, seeks declaratory and injunctive relief. The third claim for relief, asserted against Reissman, County Villa Service Corp. ("CVSC"), and Country Villa East, LP, seeks injunctive relief for unfair business practices. The Court previously dismissed all of Plaintiffs' claims with prejudice for the reason that they had failed to demonstrate Article III standing.

Even though Plaintiffs never sought remand in response to either of Defendants' two prior motions to dismiss, remand is clearly the appropriate result. 28 U.S.C. § 1447(c) provides in relevant part: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Thus, when a court finds that a plaintiff lacks Article III standing, it must remand the entire action,[4] "where the requirements of Article III plainly will not apply." Int'l Primate Prot. League v. Administrators of Tulane Educ. Fund, 500 U.S. 72, 78 n.4 (1991).

Reissman and CVSC oppose remand for several reasons. First, Defendants argue that "[s]ince this Court has original jurisdiction over [Plaintiffs'] claims, the state court never had jurisdiction and dismissal, not remand, is proper." ECF No. 55 at 4. Defendants conflate the concepts of "original jurisdiction" and "subject matter jurisdiction." See Lee v. Am. Nat. Ins. Co., 260 F.3d 997, 1008 (9th Cir. 2001) (Kozinski, J. concurring in part) (distinguishing original and subject matter jurisdiction). Compare 28 U.S.C. § 1331 ("The district courts shall have *original jurisdiction* of all civil actions arising under the Constitution, laws, or treaties of the United States") with 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks *subject matter jurisdiction*, the case shall be remanded.") (emphasis added). Even though Plaintiffs' complaint presents a federal question, the lack of subject matter jurisdiction dictates remand.

The cases Defendants cite on this point are inapposite. First, Defendants rely upon Wamp v. Chattanooga Hous. Auth., 384 F. Supp. 251, 257 (E.D. Tenn. 1974) aff'd 527 F.2d 595 (6th Cir.

---

[4] Plaintiffs seek remand only of their second and third claims for relief, but the Court will remand the matter in its entirety.

1975), cert. den'd 96 S. Ct. 2203 (1976), which stands for the now abrogated[5] proposition that a federal court's jurisdiction derives from the state court's jurisdiction. Thus, where, as in Wamp, the state court lacked jurisdiction over the action, removal was improper and the federal court lacked jurisdiction. Apart from no longer being good law, the Wamp decision has no bearing on this case, as Defendants have demonstrated that, at the time of removal, the Alameda County Superior Court lacked jurisdiction over Plaintiffs' claims.

Next, Defendants argue that remand is improper because "the Estate of Minnie Green is litigating this issue currently in state court . . . ." ECF No. 55 at 4–5. Defendants do not explain what relevance, if any, this fact has to the Court's decision, nor do they cite to any authority on the point. To the extent there might be two cases addressing the same or similar claims in the state court, Defendants can raise that issue on remand.

Finally, Defendants attempt to re-characterize the Court's prior order as one made on the merits of Plaintiffs' claims rather than on Article III standing grounds. It is sufficient here to say only that Defendants mischaracterize the Court's prior orders.

For the foregoing reasons, the Court will remand this action in its entirety to state court.

This decision applies equally to the debtor Defendants in bankruptcy, for two independent reasons.

First, "[w]here parties to a proceeding have concluded all activity and the court makes an oral ruling or takes the matter under advisement prepetition, the entry of a decision post-petition by the court is not an action which is stayed under § 362(a)."[6] In re Wilson, 72 B.R. 956, 958

---

[5] "The derivative jurisdiction principle was heavily criticized, largely because it produced the anomalous result that a case within the exclusive jurisdiction of the federal courts could not be removed to a federal court." Wright & Miller, 14B Fed. Prac. & Proc. § 3721 (4th ed.). Congress amended 28 U.S.C. § 1441 in 1986 to remedy this anomaly. Section 1441(f) now provides: "The court to which a civil action is removed under this section is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim."

[6] But see In re Wang Labs., Inc., No. 93-cv-11325-MLW, 1996 WL 87050, at *11 (D. Mass. Jan. 4, 1996) (where motion was fully briefed, district court held "any decision by the court would be a post-petition decision, and would violate the automatic stay"; distinguishing In re Wilson).

1 (Bankr. M.D. Fla. 1987);see also In re Willard, 15 B.R. 898, 900 (B.A.P. 9th Cir. 1981) ("there is no indication that the automatic stay would act to stay the entry of judgment by a court"); Thomas J. Salerno, et al., Ad. Ch. 11 Bankr. Prac. § 8.15 (2013) ("It is well-settled that where a matter has been submitted to a court for decision prior to the commencement of the bankruptcy case, the automatic stay does not prevent the court from rendering its decision.") (citing cases).  Here, Plaintiffs' motion was fully briefed as of December 16, 2014.  The Court vacated the hearing on the motion on January 27, 2014, and took the matter under submission.  ECF No. 58.  The bankruptcy petitions were filed later, on March 4 and 5, 2014.  Consequently, the automatic stay does not apply to this Court's decision to remand the claims against the debtor Defendants to state court.

Second, in remanding this action, the Court is not exercising its discretion; remand is required by 28 U.S.C. § 1447(c).  Thus, the Court is not required "to consider other issues presented by or related to the underlying case."  Dean v. Trans World Airlines, Inc., 72 F.3d 754, 756 (9th Cir. 1995) (holding "post-filing dismissal in favor of the bankrupt of an action that falls within the purview of the automatic stay violates the stay where the decision to dismiss first requires the court to consider other issues presented by or related to the underlying case");see Indep. Union of Flight Attendants v. Pan Am. World Airways, Inc., 966 F.2d 457, 459 (9th Cir. 1992) (dismissing appeal as moot after filing of bankruptcy petition).  Indeed, the Court found that Plaintiffs lacked Article III standing prior to the filing of the bankruptcy petitions.  That conclusion dictated remand without consideration of the "issues presented by or related to the underlying case."

In addition, "there [is] no conceivable way for the court's consideration of the [motion] to harm the bankrupt [Defendants]."  O'Donnell v. Vencor Inc., 466 F.3d 1104, 1110 (9th Cir. 2006) (quoting Dean, 72 F.3d at 756).  In this manner, remand is "consistent with the purpose" of the automatic stay provisions because remand does not "intrude" on the debtor Defendants' "breathing space," as the action will remain stayed as to those Defendants, regardless of the forum.  Id. (quoting Indep. Union of Flight Attendants, 966 F.2d at 459).  Finally, where remand, as here, is mandatory, not discretionary, it is akin to a "docket management" action, such as a Rule 41(b)

8

1  dismissal for failure to prosecute, which the Ninth and Eighth Circuits have held is permissible.

2  See O'Donnell, 466 F.3d at 1110; Dennis v. A.H. Robins Co., 860 F.2d 871, 872 (8th Cir. 1988)

3  (per curiam).

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for relief from the Court's Order of dismissal, ECF No. 53, on the grounds of Plaintiffs' counsel's mistake, inadvertence, or excusable neglect is hereby DENIED.

Plaintiffs' request for amendment of the Court's Order to provide for remand instead of dismissal is GRANTED.

The Court's prior Order of dismissal, ECF No. 53, is hereby amended as follows: The sentence at page 13, line 9, which states, "The action is DISMISSED with prejudice," is deleted. In its place, the Court substitutes the following sentence: "This action is remanded to the Alameda County Superior Court."

**IT IS SO ORDERED.**

Dated: June 2, 2014

_____
JON S. TIGAR
United States District Judge